C. A. BAKER V. THE STATE.

No. 23558. Delivered January 22, 1947.
Rehearing Denied (Without Written Opinion) March 19, 1947.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of a saddle of the value of $159.00. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant's first contention is that the court erred in declining to sustain his motion for an instruction to the jury to return a verdict of not guilty.

The record shows that C. A. Cogburn owned a farm located about three miles from San Angelo; that E. E. Booth was in charge of and had control and management thereof; that Mr. Cogburn came out to visit the farm once in a while; that on the night of March 3, 1946, the saddle house located on said farm was broken into and a new saddle, which had never been used, was taken from said house without the consent of Booth. A day or two later appellant was found in possession of the saddle in Reagan County, where he was arrested and subsequently

delivered to the sheriff of Tom Green County. The saddle was identified by Cogburn as his saddle by the serial number thereon.

Appellant did not testify or offer any affirmative defense, nor did he make any explanation of his recent possession of the stolen saddle. Under the facts disclosed by the record, we are of the opinion that the court was fully justified in overruling the motion.

His next contention is that the court erred in overruling his motion for a continuance based on the absence of Mrs. Ola Simmons and Ollie Stephenson, by each of whom he claims he would prove, if they were present in court, that on the 4th or 5th day of March, 1946, they, together with appellant, were on their way to Odessa, Texas; that on the highway between Garden City and Midland, appellant purchased the saddle from a man who claimed to be Johnny Williams, who wanted to sell it because his wife was ill. It further appears from the application that the case was originally set for trial on April 29th, at which time it was, on the application of defendant, continued until the 15th of May; that on said day he filed his second application for a continuance based on the absence of said witnesses. This second application is deficient in that it fails to allege that he has reasonable expectation of procuring the evidence at the next term of court, as provided by Section 2 of Article 544, C. C. P. The application, being fatally defective in the respect pointed out, formed no basis for a complaint in the motion for a new trial on account of the denial of the continuance in the first instance. See Williams v. State, 49 S. W. (2d) 772, and cases there cited. Furthermore, the court, on the motion for a new trial, heard evidence relative to the matters set forth in the application for a continuance, and from the evidence adduced, it appears that there were other persons accompanying said absent witnesses from San Angelo to Odessa who might have testified to the same facts which he expected to prove by the absent witnesses but for whom, so far as this record shows, no process was ever applied for. The question of proper diligence was also raised and, in our opinion, the court was justified in concluding that proper diligence was not shown. We therefore overrule his contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.