Charles L. THORNTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 50585.

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

Jeff Morehouse and J. Walter Park, IV (Both Court-appointed), San Antonio, for appellant.

Ted Butler, Dist. Atty., Gus E. Wilcox and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before the court, appellant was convicted of unlawful possession of a short-barrel firearm. Punishment was assessed at ten years.

In two grounds of error, appellant contends that the charges against him should have been dismissed because the allegations in the indictment (1) fail to charge an offense and (2) fail to charge the offense in a manner sufficiently specific to apprise him of the grounds of prosecution.

The indictment, following the formal part, alleges that on or about April 5, 1974, in Bexar County, appellant "did then and there knowingly and intentionally possess a short-barreled firearm, namely a shotgun . . . ."

The record does not reflect that any motion to quash was filed in the trial court, and appellant's contentions are made for the first time on appeal. Consequently, only such contentions cognizable under Art. 27.08, V.A.C.C.P., to-wit, that the indictment fails to allege the constituent elements of the offense, are before this Court. *Cox v. State,* Tex.Cr.App., 523 S.W.2d 695; *Terry v. State,* Tex.Cr.App., 517 S.W.2d 554; *American Plant Food Corporation v. State,* Tex.Cr.App., 508 S.W.2d 598.

V.T.C.A. Penal Code, Section 46.06, Prohibited Weapons, as applicable here provides:

"(a) A person commits an offense if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

\*  \*  \*  \*  \*  \*

"(3) A short-barrel fire-arm; . . . "[1]

Section 46.01(10) of the same penal code provides:

"(10) 'Short-barrel fire-arm' means a rifle with a barrel length of less than 16 inches or a shotgun with a barrel length of less than 18 inches, or any weapon made from a shotgun or rifle if, as altered, it has an overall length of less than 26 inches."

The indictment is drawn in the language of Section 46.06(a)(3), supra, describing the "short-barrel fire-arm" as a shotgun. It alleges the constituent statutory elements of the offense. In the absence of a motion to quash, the contention that the indictment should describe the shotgun as having a barrel length of less than 18 inches is not before this Court.

Furthermore, the indictment sufficiently advised appellant of the grounds of prosecution.

The two grounds of error are overruled.

In his third ground of error, appellant contends that the evidence is insufficient to support the conviction since the State's evidence showed that the gun was disassembled and unable to be fired in the manner in which appellant possessed it, and therefore was not a prohibited weapon.

The record reflects that on April 5, 1974, while police officer Stover was on patrol duty in San Antonio he noticed a disturbance in the 1400 block of Commerce Street and went to investigate. He noticed an object protruding from the right back pocket of appellant which appeared to be a "barrelled pistol." He took this object out of appellant's pocket and found it to be the barrel of a shotgun with a shell in it. He then found the stock of a shotgun stuck in appellant's belt underneath his shirt and a live shell in his pocket. The officer testified that it took him "about a second, two seconds, half a second" to put the stock and the barrel together so that the gun would shoot. The barrel of the shotgun measured approximately twelve inches in length and the stock eight inches. The total length of the gun was approximately twenty inches.

In *Crain v. State*, 69 Tex.Cr.R. 55, 153 S.W. 155, the conviction was for unlawfully carrying a pistol. This Court in affirming the judgment said:

" . . . it is a violation of the law to carry a pistol, even though one should place one part of it in one pocket and another part in another pocket. One could soon put the parts together, and the intent and purpose of the law is to keep one from carrying deadly weapons on his person. The pistol was in no way out of repair; it would shoot when put together, as shown by all the testimony; and those cases cited by appellant, where the pistol was so out of repair it could not be fired, have no application. *McCallister v. State*, 55 Tex.Cr.R. [392] 393, 116 S.W. 1154."

See also *Moore v. State*, Tex.Cr.App., 385 S.W.2d 387, in which *Crain v. State*, supra, is cited and followed; *Rasberry v. State*, 72 Tex.Cr.R. 13, 160 S.W. 682; *Smith v. State*, Tex.Cr.App., 96 S.W. 1086.

The evidence in the instant case was that the shotgun, though disassembled at the time appellant was carrying it on his person, could be readily and quickly reassembled, was loaded, and when the stock and barrel were connected could be fired. The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.

---

1. Subsections (b), (c) and (d) enumerate certain defenses to prosecution under this section which are not applicable here. Subsection (e) provides that a violation of (a)(3), supra, is a felony of the second degree. Punishment for such felony is not less than 2 nor more than 20 years and in addition to imprisonment may be assessed at a fine not to exceed $10,000. V.T.C.A. Penal Code, Section 12.33