Herman CAMPBELL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0047–CR.

Court of Appeals of Texas, Amarillo.

March 29, 1982.

Rehearing Denied With Opinion April 29, 1982.

Discretionary Review Refused July 21, 1982.

Priolo & McKinney, William R. McKinney, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty., Steve Schiwetz, William R. Bowden, Jr., Asst. Dist. Attys., Amarillo, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

BOYD, Justice.

This is an appeal from a conviction for the offense of possession of a prohibited weapon, namely, a short-barreled firearm. Punishment, enhanced by proof of a prior conviction, was set by the jury at twenty years confinement in the Texas Department of Corrections. We affirm the judgment.

A search of the record reveals that on August 14, 1979, appellant Herman Campbell, Jr. and a friend appeared at the home of Patricia Bates. Appellant, who wanted to discuss with Bates an altercation she had with another woman earlier that morning, was in possession of a pistol and the firearm in question, described as a ".22 caliber sawed-off rifle." After a short argument with Bates, appellant and his companion left the premises. Immediately thereafter, Bates heard four gunshots and subsequently discovered a window of her car had been shot out. Jerry Don Kelly, who was present during the quarrel, testified he saw appellant fire the pistol at the car window as he was leaving Bate's house.

Police arrived at the scene about ten minutes after the shots were fired. Bates related to them details of the incident, and police soon found appellant's automobile at a local motel. After deciding appellant was probably in a particular room of the motel, police obtained consent to search the room from Ollie Bell West. This search produced a sawed-off rifle with a "live" round of ammunition in the chamber. Appellant was arrested and charged with the possession of this rifle.

Appellant raises four grounds of error. By ground four, he alleges the trial court erred in denying his Motion for Continuance and proceeding to trial without a missing witness. In ground three, he urges error in the trial court's failure to give a requested instruction that it is not a criminal offense to possess a firearm that is incapable of being fired, a defensive issue he claims was raised by the evidence. With grounds one and two, he alleges insufficiency of the evidence to support his conviction, and a fatal variance in the proof and charges in the indictment because the State failed to prove the short-barrel firearm would actually fire. We consider first appellant's combined grounds of error one and two.

The issue is whether, in a prosecution under section 46.06(a)(3), Tex.Penal Code Ann. (Vernon Supp.1982), a short-barrel firearm may be proven to be a firearm without the introduction of evidence showing its capability of being fired. We have been unable to locate any case law directly reaching this point; however, cases involving prosecution for carrying a handgun, Tex.Penal Code Ann. § 46.02 (Vernon 1974), are sufficiently analogous to provide us with some guidance in the matter.[1]

---

1. Section 46.06(a)(3), Tex.Penal Code Ann. (Vernon Supp.1982) [hereinafter referred to as § 46.06] makes it an offense to possess, manufacture, transport, or repair a short-barrel firearm. Section 46.02(a), Tex.Penal Code Ann. (Vernon 1974) [hereinafter referred to as § 46.02] proscribes the carrying of a handgun or other named weapon. Under § 46.02, therefore, one may legally own or possess a handgun, while under § 46.06(a)(3), it is illegal to simply possess a short-barrel firearm. This distinction is not, however, relevant to the issue with which we are concerned here. Both sections prohibit the possession of a particular weapon in a manner which has little or no lawful purpose. The issue of capability of firing bears the same importance with respect to both provisions. If a handgun cannot be made to fire, then the manner in which it is carried is not unlawful. *Miles v. State*, 77 Tex.Cr.R. 597,

In prosecutions for unlawfully carrying a pistol, our Court of Criminal Appeals has held that proof a defendant has on his person a handgun is sufficient to make out a *prima facie* case for that offense. *Tolbert v. State*, 157 Tex.Cr.R. 101, 246 S.W.2d 896, 897 (1952). The State is required to prove only that the weapon is a handgun; there need be no proof that it is capable of being fired, unless such an issue is raised by the evidence. *Johnson v. State*, 571 S.W.2d 170, 174 (Tex.Cr.App.1978). We hold, therefore, that in prosecutions for possession of a short-barrel firearm, proof that the weapon was a short-barrel firearm and that the defendant was in possession of such a weapon creates a *prima facie* case for the State, and the prosecution need not show the weapon capable of firing unless such an issue is raised by the evidence. *See: Hawkins v. State*, 535 S.W.2d 359, 362 (Tex.Cr. App.1976).

In the case before us, no issue concerning whether the weapon could be fired was raised by the evidence. The State showed the weapon in question was a short-barreled, .22 caliber rifle with an overall length of less than 26 inches, and that when found it contained a live round of ammunition in it. This evidence was sufficient to establish a *prima facie* case for possession of a short-barrel firearm.

Appellant cites as authority for his proposition *Thornton v. State*, 529 S.W.2d 539 (Tex.Cr.App.1975) and *Jackson v. State*, 575 S.W.2d 567 (Tex.Cr.App.1979). Both of these cases are distinguishable. In *Jackson, supra*, the point at issue here was not raised. The issue there, decided adversely to appellant, was whether the State is required to negate the affirmative "curio or antique" defense. *Thornton, supra*, involved a prosecution for possession of a short-barrel firearm which was in a disassembled state when confiscated from appellant. The State was required to prove, therefore, that although the weapon was incapable of being fired in the manner in which it was possessed, it could be easily and quickly assembled. *Id.*, at 541. Here, we have no evidence indicating the weapon possessed by appellant was incapable of being fired in the manner in which it was possessed. Grounds of error one and two are overruled.

We likewise overrule ground of error three because the issue of whether the weapon was capable of being fired or was so defective it could not be used for the purpose for which it was manufactured was not raised by the evidence. Appellant presents the ingenious argument that the issue was raised through testimony by Jerry Don Kelly that he did not see appellant fire the short-barrel rifle, and testimony by Officer Terry Gilmore, elicited on cross-examination, that he had never seen the weapon fired. To hold the defense that the weapon could not be fired was raised by negative implication would be a novel implication indeed, and we refuse the invitation to do so. No issue of fact having been raised, it was not error for the court to refuse the instruction requested. *Buchanan v. State*, 453 S.W.2d 479, 484 (Tex.Cr.App.1970). The definition of "firearm" contained in the court's charge tracked the statutory language of Tex.Penal Code Ann. § 46.01(3) (Vernon 1979), and that language was sufficient. *Milligan v. State*, 554 S.W.2d 192, 196 (Tex.Cr.App.1977).

The motion for continuance forming the basis for appellant's ground of error four was actually his fourth motion for continuance. The record shows that a motion for a writ of attachment was granted on November 28, 1979. Between that time and the date of the pre-trial hearing on March 24, 1980, the Potter County Sheriff's Department made efforts to locate the missing witness in Texas, Oklahoma and Kansas, and contacted "all the people that are supposed to know this particular individual and tried to get some leads." The trial was delayed until March 26, 1980 to give an additional opportunity to try to

---

179 S.W. 567 (1915); *see: Johnson v. State*, 571 S.W.2d 170, 174 (Tex.Cr.App.1978). Likewise, if a short-barrel firearm is incapable of firing, then the manner in which it is possessed is not unlawful.

locate the witness. All efforts were unsuccessful.

The evidence here does not indicate a probability that the witness can be secured by a postponement, and it further appears that a continuance due to the absence of the witness would have delayed the trial indefinitely. The motion was, therefore, properly denied. *Varela v. State*, 561 S.W.2d 186, 191 (Tex.Cr.App.1978); *Salinas v. State*, 542 S.W.2d 864, 866 (Tex.Cr.App. 1976). Moreover, the motion did not allege appellant had a reasonable expectation of procuring the needed testimony at the next term of court, as specifically required by Article 29.07, Tex.Code Crim.Pro.Ann. (Vernon 1966). Failure to include this allegation renders the motion fatally defective. *Williams v. State*, 120 Tex.Cr.R. 288, 49 S.W.2d 772, 774 (1932); *Baker v. State*, 150 Tex.Cr.R. 191, 199 S.W.2d 1017, 1018 (1947). Ground of error four is overruled.

The judgment of conviction is affirmed.

## ON MOTION FOR REHEARING

In an able and forceful motion for rehearing, appellant asserts we erred in our original opinion in not requiring the state to show the weapon in question was capable of being fired. He bases his argument upon Tex.Penal Code Ann. § 46.01(3) (Vernon 1974), which defines a firearm as "any device designed, made or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." The thrust of his argument is that without proof of capability of its being fired, there is no evidence in the record to justify a jury finding that the weapon in question is a device within the purview of that section. We continue to disagree.

The short-barreled firearm in question was received into evidence for the inspection and examination of the jury, and we continue to hold its introduction together with proof of its possession by appellant was sufficient to create a prima facie case for the state.

In addition to the cases mentioned previously which, we believe, justify that finding, we note the case of *Walker v. State*, 543 S.W.2d 634 (Tex.Cr.App.1976). In that case, in a well reasoned opinion, the court held that a forty-five caliber pistol which was without a firing pin or clip at the time of its recovery by the police was a "firearm" within the purview of Section 46.-01(3), even if the clip and firing pin were missing at the time of the robbery in question. *Id.*, at 637.

We think this case analogous. The inspection of the weapon here by the jury would justify its finding that it was a device designed, made or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance.

Appellant again urges that the testimony of the witnesses Kelly and Gilmore was sufficient to raise a fact issue as to the weapon's capability of being fired. We continue to believe that the testimony of the witnesses that they had not seen the weapon fired was not the equivalent of testimony that it could not be fired.

*Alexander v. State*, 617 S.W.2d 269 (Tex. Cr.App.1981) cited by appellant, is, we think, distinguishable. In that case the court properly held that a twelve inch motorcycle chain with a nylon cord tied around the last link was not an instrument specifically designed, made or adapted for the purpose of inflicting serious bodily injury or death. *Id.*, at 270. We do not believe that holding to be applicable to a .22 caliber sawed-off rifle nor the reasoning analogous to this case.

Appellant's motion for rehearing is overruled and the judgment of conviction affirmed.