NO. 07-06-0267-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO


 

PANEL B



JULY 30, 2008


______________________________



JUAN SOTO, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 50,888-B; HONORABLE JOHN BOARD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Juan Soto, Jr. appeals his conviction by jury of possession of a firearm
by a felon (1) and his resulting sentence of seven years imprisonment. Through his sole point
of error, appellant contends the trial court erred in admitting evidence of a statement he
made at the jail after his arrest. We affirm.

 Appellant was one of several passengers in a vehicle when a police officer initiated
a traffic stop. After the stop, the driver was arrested on an outstanding warrant. Asked if
there was anything in the vehicle of which the officer should be aware, the driver told him
appellant had a gun. Officers found a .45 caliber pistol under the vehicle's front passenger
seat, and found the pistol's magazine behind the driver's seat. Appellant was arrested and
transported to jail. During the booking process, when appellant removed his shoes and
socks, a .45 caliber round fell out of his right sock. After the round fell, appellant said to
the booking officer that he was going to buy the pistol so that is why he was looking at it
and why his fingerprints would be on it. (2)

Analysis

 On appeal, appellant challenges the admission of the statement he made during the
booking process. At trial, appellant objected to the admission of the statement, contending
it was the result of custodial interrogation. After holding a hearing to determine its
admissibility, the trial court admitted the statement as voluntary and as res gestae of the
arrest or offense pursuant to article 38.22, Section 5 of the Code of Criminal Procedure. (3) 
 We review the trial court's determinations regarding admissibility of evidence for an abuse
of discretion. Montgomery v. State, 810 S.W.2d 372 (Tex.Crim.App. 1990) (op. on reh'g).


 On appeal, appellant again advances the argument that the trial court erred in
overruling his objection because the statement was made while he was arrested,
handcuffed, and in the custody of the police during which time they questioned him. He
contends article 38.22 barred admission of the statement. In supporting this argument,
he asserts it is established the prosecution may not use statements stemming from
custodial interrogation of a defendant. 

 Article 38.22 provides that an oral statement made as a result of custodial
interrogation may not be used against an accused unless an electronic recording is made,
he has received a warning explaining his legal rights, and he has knowingly, intelligently,
and voluntarily waived the rights described in the warning. Tex. Code Crim. Proc. Ann. art.
38.22, § 3 (Vernon 2005). The article does not preclude the admission, however, of a
statement that is res gestae of the arrest or the offense, a statement that does not stem
from custodial interrogation, or a voluntary statement whether or not the result of custodial
interrogation. Id. § 5.

 The State acknowledges appellant was in custody when he made the statement, but
contends, inter alia, the trial court properly could have found it was not the result of
interrogation. (4) We agree. 

 As noted, the statement at issue was made while appellant was being booked into
jail. Testimony showed that jail policy requires that individuals be searched before
placement in the general jail population to ensure no weapons or narcotics are brought into
the jail. It was during this search that appellant removed his shoes and socks, allowing the
bullet to fall from his sock. The only testimony concerning statements made to appellant
during this process involved a routine health-related inquiries. Appellant appears to take
the position that all official questioning at the jail should be regarded as custodial
interrogation. As a general rule, our courts have not done so, and we will not treat the
challenged statement as a response to custodial interrogation merely because it occurred
during the jail booking procedure during which appellant was asked some routine
questions. See Cross v. State, 144 S.W.3d 521, 525 n.5 (Tex.Crim.App. 2004); Edwards
v. State, 813 S.W.2d 572, 578 (Tex.App.-Dallas 1991, pet. ref'd) (both noting that routine
questions asked during booking do not constitute custodial interrogation). 

 The booking officer testified that when the bullet fell out of appellant's sock,
appellant and the officer looked at each other. There is no evidence that the officer said
anything. Interrogation includes not only express questioning but also the words and
actions of police officers that they should know are reasonably likely to elicit an
incriminating response from a suspect. (5) But officers are not held accountable for the
unforeseeable result of their words or actions. Innis, 446 U.S. at 302; Camarillo v. State,
82 S.W.3d 529, 534-35 (Tex.App.-Austin 2002, no pet.). To constitute interrogation, the
conduct undertaken by the supposed interrogator must reflect some measure of
compulsion distinct from any compulsive effect inherent in being placed in custody. Smith
v. State, 60 S.W.3d 885, 889 (Tex.App.-Amarillo 2001, no pet.), citing Griffith v. State, 55
S.W.3d 598, 603 (Tex.Crim.App. 2001). If no such compulsion, direct or indirect, occurred,
the utterance did not arise from interrogation. Smith, 60 S.W.3d at 889. We perceive no
compulsion in the exchange of looks between appellant and the officer, nor does it appear
the officer could have predicted that his look at appellant would elicit an incriminating
response. See Smith, 60 S.W.3d at 889 (for a comment to be the result of custodial
interrogation, the words or actions utilized by the police must not only be of the ilk which
the officer should know are reasonably likely to elicit an incriminating response but also
have some compulsive effect). The trial court did not abuse its discretion by concluding the
statement was not the result of custodial interrogation. 

 Appellant's sole issue on appeal is overruled. We affirm appellant's conviction and
sentence.

 James T. Campbell

 Justice





Do not publish.



 



 





1. See Tex. Penal Code Ann. § 46.04 (Vernon 2003). Appellant stipulated to his prior
felony conviction of evading arrest with a vehicle. 
2. No usable latent fingerprints were found on the gun.
3. Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005). 
4. The State also asserts the statement was admissible as res gestae of appellant's
arrest. We do not address that contention.
5. See Rhode Island v. Innis, 446 U.S. 291, 302, 100 S.Ct. 1682, 64 L.Ed.2d
297(1980); Morris v. State, 897 S.W.2d 528, 531 (Tex.App.-El Paso 1995, no pet.).


idence, the jury convicted appellant of the charge of felon
in possession of a firearm. Prior to commencing the punishment phase of the trial,
appellant filed a motion to quash the second enhancement paragraph. The State agreed
that it could not use that offense as an enhancement and requested permission to use
another felony as the second enhancement. Appellant objected claiming that the State
was attempting to amend the indictment. After hearing argument, the trial court granted
a one day recess to appellant. The next day, the trial court ruled that the State could use
the other felony conviction as the second enhancement, to which appellant pled “Not True.” 
The jury found that the enhancements were true and assessed a sentence of 78 years
confinement. Appellant subsequently gave notice of appeal.
          Through three issues, appellant contends that: 1) the evidence is legally and
factually insufficient to sustain the judgment of conviction, 2) the trial court erred in
admitting the evidence of retaliation in violation of Rule 404(b) of the Texas Rules of
Evidence, and 3) the trial court erred in permitting the State to amend the second
enhancement paragraph of the indictment after the trial had commenced. We disagree
with appellant and will affirm the judgment of the trial court.
Sufficiency of the Evidence
          Appellant contends that the evidence was not legally nor factually sufficient to
sustain the conviction. When both legal and factual sufficiency are attacked, we must first
address the issue of legal sufficiency. See Clewis v. State, 922 S.W.2d 126, 133
(Tex.Crim.App. 1996). If the evidence is legally sufficient, we then review the factual
sufficiency challenge. See id. In assessing the legal sufficiency of the evidence, we review
all the evidence in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross
v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency
review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury’s
verdict unless it is irrational or unsupported by more than a mere modicum of evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).
          When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In
performing a factual sufficiency review, we must give deference to the fact finder’s
determinations if supported by evidence and may not order a new trial simply because we
may disagree with the verdict. See id. at 417. As an appellate court, we are not justified
in ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury’s verdict. See id. 
Additionally, an appellate opinion addressing factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury’s verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
          To convict someone of the offense of felon in possession of a firearm, the State
must prove that 1) appellant, 2) intentionally or knowingly, 3) possessed a firearm, 4) away
from the premises where appellant resided, and 5) that appellant had been previously
convicted of a felony offense. See Tex. Penal Code Ann. § 46.04(a)(2) (Vernon 2004).


 
A review of appellant’s brief indicates that appellant is either claiming the evidence is
insufficient as to the possession element of the offense or that the evidence is insufficient
to prove that what appellant had in his possession was a firearm. This observation is made
because appellant cites the court to several cases that deal with proof of possession where
the defendant’s possession of the contraband item was not exclusive or more than one
person had access to the contraband. See Coleman v. State, 188 S.W.3d 708, 720-21
(Tex.App.–Tyler 2005, pet. ref’d). However, the record is clear about one aspect of the
case, there is no evidence that the item possessed by appellant was in the care, custody,
or control of anyone else. For this reason, those cases cited by appellant are not relevant
to our determination of the case. The sole issue at trial and on appeal is, did appellant
have a firearm in his hands on the occasion in question. Appellant, through cross-examination of the witnesses presented by the State, attempted to prove that the primary
witness, Choudry, was mad at appellant and had invented the allegation that appellant had
a firearm in his hands at the time of the incident in question. Further, through cross-examination of both Choudry and Gentry, appellant attempted to show the jury that each
had lied on their original statements and had subsequently executed additional statements
recanting those portions of the original statement that alleged appellant had a handgun in
his possession on the night in question. Further, appellant’s contention is that the evidence
regarding the item in his hand on the night in question is not legally or factually sufficient
to meet the definition of a firearm under the Texas Penal Code. See § 46.01(3).


 
          A review of the evidence reveals that both Choudry and Gentry admitted signing
more than one statement. However, Choudry testified that the first statement was a
truthful account of the events on the evening in question. Although she was vigorously
cross-examined, she maintained that appellant did have in his possession a gun. She
described the gun as being like the one the officer who took her statement had, only
smaller. The officer who took Choudry’s original statement testified that, at the time of the
statement, he carried a black Sig Sauer model 220 that was black with a silver slide. While
admitting she had made subsequent statements that seemed to contradict both her
testimony in court and the original statement, Choudry alleged she signed the subsequent
statement because of fear of appellant. After the cross-examination of Choudry, the State
presented evidence of an alleged attempt at retaliation directed toward Choudry by
appellant. This testimony was that appellant had directed his then current girlfriend to
challenge Choudry to a fight. The testimony was that appellant was present when the fight
occurred and was encouraging his girlfriend throughout the fight. As a result of the fight,
Choudry was beaten. 
          Gentry originally gave a statement that said that appellant had in his possession a
gun that looked like the one the officer who took her statement had on his person. The
same officer took both statements. However, Gentry gave subsequent statements that
claimed she never saw a gun and that Choudry had told her what to say when she gave
her first statement. Gentry’s testimony was that her subsequent statements were the true
facts that occurred and that she never saw appellant with a gun. 
          The State was able to produce testimony that appellant was known to carry a gun. 
This testimony came from Choudry and from another former girlfriend of appellant, Stacy
Jones. Jones also testified that, during the time she was appellant’s girlfriend, she
executed a statement claiming to have been present at the scene on the evening in
question and that appellant never had a gun. She testified that those facts were not true
and she had not been at the scene on the evening in question, but that she prepared the
statement at appellant’s specific insistence. 
          Finally, appellant presented testimony of Clint Haider, his employer, that appellant
was the former supervisor of Choudry. Haider further testified that he had observed
Choudry being insubordinate to appellant. As a result of this incident, Choudry was
reprimanded and was going to be fired, however, she quit before she was terminated. 
According to appellant, this event was the catalyst for Choudry’s attempt to have charges
filed against him.
          When conducting our legal sufficiency review, we must view the evidence in the light
most favorable to the verdict. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. The
jury had Choudry’s in-court testimony and her original statement indicating that appellant
had a gun. Viewing this evidence in the light most favorable to the verdict, there is
sufficient evidence that appellant had in his possession on the night in question a gun. 
Further, the testimony regarding the description of the gun was legally sufficient to prove
it was a firearm. See Campbell v. State, 633 S.W.2d 592, 594 (Tex.App.–Amarillo 1982,
pet. ref’d). Therefore, we cannot say that the jury acted irrationally in convicting appellant.
          On the issue of the factual sufficiency of the evidence, the question comes down to
witness credibility. Appellant clearly relies on the conflicting testimony to support his
allegation of factual insufficiency. The credibility of witness testimony is a subject matter
that the jury is uniquely qualified to determine. See Maestas v. State, 963 S.W.2d 151,
156 (Tex.App.–Corpus Christi 1998), aff’d, 987 S.W.2d 59 (Tex.Crim.App. 1999). Further,
it is the jury’s duty to resolve the conflicts in the testimony. Id. Finally, simply because the
appellant presents a different version of the facts than the State does not render the
State’s case factually insufficient. Id. Giving the requisite deference to the jury’s resolution
of the conflicting evidence, we find that the jury was rationally justified in finding appellant
guilty beyond a reasonable doubt.
          Having found that the evidence is legally and factually sufficient, we overrule
appellant’s first issue. 
Evidentiary Rulings
          Appellant next complains about the trial court’s ruling on two specific evidentiary
matters. In the first instance, appellant complains that the trial court improperly allowed
the State to offer evidence of a subsequent offense committed by appellant toward the
primary witness, Choudry. In the second matter, appellant contends that the trial court
erred in overruling appellant’s motion for mistrial when the witness for the State, during the
guilt or innocence stage, commented that appellant had seven prior convictions. Although
appellant places both fact patterns under one issue, the two issues are not related and will
be treated separately.
Retaliation
          At a pre-trial hearing, appellant filed a motion in limine requesting the trial court to
order the State to approach the bench prior to eliciting testimony about a number of
different matters. One of the issues covered by the motion in limine was any testimony
about appellant’s alleged retaliation against the primary witness, Choudry. The trial court
ruled that he was granting the motion in limine unless somebody opens the door or
something happens. Subsequently, after extremely vigorous cross-examination of Choudry
that included testimony that she had recanted her original statement in a subsequent
statement, the State requested permission to introduce the evidence about the retaliation
charge against appellant. The State advised the court that the evidence was admissible
to show why Choudry had executed the second statement. The trial court recessed for the
evening after advising the parties he would rule the next morning. When the trial
reconvened the next morning, the trial judge advised the parties he was going to permit the
testimony. Appellant again objected on the grounds of lack of notice pursuant to Rule
404(b). However, appellant never claimed he was surprised by the evidence nor did he
request a continuance. 
          Appellant’s complaint is that the trial court improperly admitted the evidence of an
extraneous offense before the jury; therefore, we will review the trial court’s decision under
an abuse of discretion standard. See McDonald v. State, 179 S.W.3d 571, 576
(Tex.Crim.App. 2005). An appellate court should affirm the trial court’s ruling unless it finds
that the decision is not within the zone of reasonable disagreement. See Green v. State,
934 S.W.2d 92, 102 (Tex.Crim.App. 1996). Stated another way, we will find an abuse of
discretion only when the trial court acted without reference to any guiding rules or principles
by acting arbitrarily or unreasonably. See Lyles v. State, 850 S.W.2d 497, 502
(Tex.Crim.App. 1993).
          Rule 404(b) provides that evidence of other crimes, wrongs, or acts may be
admissible during the State’s case-in-chief, provided that the State has, upon request of
the defendant, provided notice of intent to introduce such evidence. See Tex. R. Evid.
404(b). The record reflects that the State did not give notice of intent to use the evidence
of the retaliation case against appellant until the morning jury selection began. The State
did attempt to show that they had not become fully cognizant of the case until
approximately two weeks prior to trial. Without ruling that the State’s explanation of why
the notice was late was sufficient, the trial court admitted the evidence. Based upon this
record, we must conclude that the State failed to give proper notice of intent to use
evidence of extraneous offenses, crimes, or acts and, therefore, the trial court committed
error in admitting the evidence. See Hernandez v. State, 176 S.W.3d 821, 824
(Tex.Crim.App. 2005). This does not, however, mean that the error requires reversal of
the trial court’s judgment. Rather, we must continue the inquiry and determine whether the
error in admitting the evidence had a substantial and injurious effect in determining the
jury’s verdict. Id. We determine whether the admission had an affect on appellant’s
substantial rights by a Rule 44.2(b) harm analysis for non-constitutional errors. See Tex.
R. App. P. 44.2(b).


 In construing this type of error, we note that Rule 404(b) is a notice
provision aimed at preventing surprise, therefore, when conducting a Rule 44.2(b) analysis
of this type of error, the issue of surprise to appellant is a valid consideration. Hernandez,
176 S.W.3d at 825. As stated above, appellant does not claim he was surprised by the
evidence nor did he, at any time, request a continuance to prepare to defend against the
extraneous evidence. Therefore, as in the Hernandez case, we cannot say that the
admission of the evidence had an injurious effect on the jury’s determination. Id.
Accordingly, appellant’s issue regarding the retaliation evidence is overruled.
Prior Convictions Testimony
          During the examination of a Potter County Deputy Sheriff regarding fingerprints of
appellant taken for comparison purposes to prove a prior conviction, the same one alleged
for jurisdictional purposes in the indictment, the following colloquy occurred:
          State: Can you tell the jury what your results yield?

 
Witness: Yes, sir. I received a total of seven prior felony convictionsfor an
individual by the name of Timothy Shawn Majors.

 
Appellant immediately requested a conference at the bench where the trial court instructed
the State to instruct the witness to limit his testimony to the conviction alleged for
jurisdictional purposes. The trial court advised all parties that he was going to instruct the
jury to disregard the last question and response. The jury was so instructed. Appellant
moved for a mistrial, which the trial court denied. 
          Based on this factual background, appellant contends that the testimony of the
seven prior convictions was a violation of Rule 404(b) and is, therefore, in error. Appellant
misconstrues the trial court’s ruling. The trial court did not admit the testimony about the
seven prior convictions, rather, he instructed the jury to disregard the question and
testimony. Additionally, the objection at trial never mentions Rule 404(b) nor can it be
construed to include that objection. This leads to the inevitable conclusion that the issue
on appeal does not comport with the objection at trial. Heidelberg v. State, 144 S.W.3d
535, 537 (Tex.Crim.App. 2004). In such a case, there is nothing preserved for appeal. Id. 
Accordingly, appellant’s issue regarding the testimony of prior convictions is overruled.



 
 
Indictment
          Appellant next contends that the trial court erred when it allowed the State to
substitute another of appellant’s felony convictions for the second enhancement paragraph,
after the trial court granted appellant’s motion to quash the second enhancement paragraph
in the original indictment. The record reflects that, after the jury convicted appellant of
unlawful possession of a firearm by a felon, appellant presented a motion to quash the
second enhancement paragraph. The State agreed that the felony conviction listed in the
second paragraph was, in fact, the same felony cited as the jurisdictional conviction for
felon in possession of a firearm and, as such, it was not permissible to use that felony as
a punishment enhancement. The trial court granted the motion to quash. The State then
announced that it was going to substitute another of appellant’s felony convictions for the
second enhancement paragraph. The felony conviction to be substituted was one listed in
the State’s Notice of Intention to Use Prior Convictions for Enhancement. Appellant
objected citing lack of notice and that the State was trying to untimely amend the indictment. 
The trial court then granted a continuance until the next morning to give appellant an
opportunity to determine any legal reasons the State should not be allowed to substitute
one of appellant’s other felony convictions for the one listed in the second enhancement
paragraph. The following morning, after again hearing from appellant and the State, the
trial court allowed the substitution of a different final conviction in the second enhancement
paragraph. At no time that morning, either before or after the trial court ruled, did appellant
move for a continuance in order to more properly prepare a defense to the new
enhancement conviction.
          Appellant contends that the trial court overruled his motion for continuance, however,
the record does not support this contention. As stated above, the record affirmatively shows
that, after the trial court ruled that the State would be allowed to substitute a different final
felony conviction, appellant did not request a continuance. 
          This becomes important because of the analysis of the Texas Court of Criminal
Appeals in Villescas v. State. See Villescas v. State, 189 S.W.3d 290, 294 (Tex.Crim.App.
2006). In Villescas, the court was dealing with what kind of notice was the State required
to give when using enhancements for punishment. Id. at 293. The intermediate appellate
court had concluded that the notice issue was of non-constitutional origin and, therefore,
when reviewing the action of the trial court, applied the non-constitutional harm analysis of
Texas Rule of Appellate Procedure 44.2(b). Id. at 292. The court determined that notice
was a due process issue and, therefore, of a constitutional nature. Id. at 294. Ultimately,
the court in Villescas decided that notice given prior to the beginning of the punishment
phase satisfies the federal constitutional due process requirement when the defendant has
no defense to the enhancement allegation and has not requested a continuance. Id.
          Applying the Villescas standard to the case before this court, we find that a one day
continuance was granted after the State first requested permission to substitute a different
felony conviction for the one alleged in the second enhancement paragraph. Further, the
record reflects that the following morning, after the court announced his decision, appellant
never indicated a need for a continuance. In fact, when asked if there was anything else
before bringing in the jury, appellant responded, “No, Your Honor.” The trial court then
brought the jury in and asked if the State and defense were ready on punishment. 
Appellant replied, without limitation, “Defense is ready, Judge.” After the enhancement
paragraphs were read, appellant pled “Not True” to both paragraphs. The evidence on the
issue was presented. During the entire punishment hearing, appellant presented nothing
that could be construed as a defense to the second enhancement paragraph. Accordingly,
it appears to this court that appellant’s position is exactly the same as that described in
Villescas. Appellant did not request a continuance and had no defense to the second
enhancement paragraph. Therefore, the notice given appellant before the beginning of the
punishment hearing was sufficient. Appellant’s third issue is overruled.
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
Mackey K. Hancock

Justice

 
 
Do not publish.