Thomas Berry WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 57992.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 27, 1979.

Michael D. Byck, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Jayne Wilson, Robert Hinton and John Tatum, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DOUGLAS, Judge.

Thomas Berry Wright appeals his conviction for aggravated assault. Punishment, enhanced by two prior convictions, was assessed at life.

Wright contends that the prosecutor made improper jury arguments, that the court erred in denying his motion to quash the indictment and in overruling his objections to the charge. He also challenges the sufficiency of the evidence. We overrule the contentions and affirm.

Prior to midnight on the evening of May 25, 1977, Dallas Police Officers Paul Fletcher and R. K. Ferguson responded to a call concerning a disturbance at an apartment complex. When they arrived at the apartments, they observed four individuals, including Wright, at the top of a flight of stairs. Fletcher approached them from around a building, turned a corner and called out, "Police Officer, freeze." Wright pulled a pistol from his pocket, pointed it at Fletcher and pulled the trigger three times. The pistol did not discharge. Wright fled but was subsequently apprehended. The pistol was not recovered.

■ Wright contends the evidence is insufficient because the State failed to prove that the "firearm" was not an antique or curio manufactured prior to 1899. Wright relies on the "firearm" definition in Section 46.01 of the Penal Code which excludes "antique or curio firearms that were manufactured prior to 1899." In *Jackson v. State,* 575 S.W.2d 567 (Tex.Cr.App.1979), a prosecution under Section 46.06, we held that the State was not required to prove that the firearm did not meet this antique or curio exception. The logic of *Jackson* applies here; we see no reason for the State to prove the exception in a prosecution for aggravated assault. Since the evidence is otherwise sufficient, this ground of error is overruled.

■ He also contends that the indictment and charge must embody the antique and curio exception. In *O'Briant v. State,* 556 S.W.2d 333 (Tex.Cr.App.1977), we held that an aggravated robbery indictment was sufficient, even in the face of a motion to quash, if it alleged "firearm" without any further definition. Because the State need not prove that the firearm is not an antique or curio, we hold the indictment and charge do not have to include that definition.

Wright contends the prosecution made the following argument based on facts outside the record:

" . . . You know this Defense lawyer had the benefit of that offense report for cross examination. Now the Defendant may suggest to you that there's some giant conspiracy in the Dallas Police Department against this man right here and that these two officers made all this up. If the Defendant tries to sell you that, you ask yourselves, 'Well, I wonder why something didn't come up about any discrepancies in the way it was put down on the offense report immediately thereafter and the way you heard it from the witness stand today.'

"MR. BYCK: I object to that, Your Honor. He's arguing outside the record."

The offense report was not introduced into evidence.

■ Counsel may make comments upon the evidence. This necessarily includes the right to comment upon what logically would be put into evidence. No error is shown.

Complaint is also made that the following argument constitutes a comment on Wright's failure to testify:

" . . . The Defense, I anticipate, will say, 'Well, the State hasn't proven to you it's a pistol.' The State has proven to you that the officers saw an automatic pistol similar to the one that he carries himself. He told you that it looked very much like Defendant's Exhibit No. 1. Very similar to this. You know that the Defendant escaped. Ask yourselves who had exclusive control over the pistol to be able to bring it to you today.

"MR. BYCK: I object to that. That is a direct comment on the Defendant's failure to testify. He's attempting to shift the burden of proof.

"THE COURT: Sustained."

The court instructed the jury to disregard the statement but denied a motion for mistrial. The prosecutor then continued:

"MR. HINTON: Members of the jury, I am not commenting on the Defendant's failure to testify. You are instructed and I know that you will follow the law that says you are not to consider that as any evidence of his guilt. . . . ."

■ A prosecutor may not comment upon a defendant's failure to testify. *Pollard v. State,* 552 S.W.2d 475 (Tex.Cr.App.1977); Article 38.08, V.A.C.C.P. However, such comment must be direct; an indirect allusion which might refer to the accused's failure to testify does not require reversal. *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App. 1975); *Chapman v. State,* 504 S.W.2d 912 (Tex.Cr.App.1974).

■ In the instant case, there were three other individuals with Wright who could have known the whereabouts of the gun. Wright may have subsequently disposed of the weapon in a variety of ways so that someone else could produce it in court. The court's instruction to the jury was sufficient to cure any error. Reviewing this argument as a whole, no reversible error is presented.

■ Wright contends the court erred in overruling his motion to quash the indict-ment because the indictment did not describe more specifically the "firearm" used in the commission of the offense. In *O'Briant v. State,* supra, we held that an aggravated robbery indictment which tracked the statutory language and contained the term "firearm" without further definition was not subject to a motion to quash. The same logic applies in the instant case. The indictment charges the offense in the statutory language including the use of the term "firearm" without further specification. The motion to quash was properly overruled.

■ Complaint is made that the court did not charge the jury that the "firearm" must be operative. Neither the statute nor the definition of deadly weapon in Section 1.07(11) of the Penal Code suggests that a firearm must be operable. In *Walker v. State,* 543 S.W.2d 634, 637 (Tex.Cr.App. 1976), we held that admission into evidence of a forty-five automatic pistol without a firing pin or clip, that was found after a robbery, constitutes sufficient evidence to prove aggravated robbery. The State is required to prove only the use of a deadly weapon; if its proof shows a firearm, it need not prove that it was operable. No error is shown.

■ Wright next contends he is entitled to instructions on the lesser included offenses of simple assault and reckless conduct. A charge on a lesser included offense is required only when there is evidence which indicates that appellant, if guilty, is guilty only of the lesser offense. *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978); *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr. App.1974). The State's case consisted of the testimony of the two police officers at the scene. The testimony of both of them establishes all of the elements of aggravated assault. Wright did not present any evidence. There was no evidence suggesting Wright was guilty only of the lesser offense. No error is shown.

■ Wright's final contention is that he was entitled to a charge on circumstantial evidence. The State's case was fully proved

through eyewitness testimony. No charge on circumstantial evidence was required.

There is no reversible error. The judgment is affirmed.

DALLY, J., dissents.