SAN FRANCISCO MASCORRO,
Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–121–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 21, 1982.

Jimmy Phillips, Jr., Angleton, for appellant.

Knute L. Dietze, Crim. Dist. Atty., Victoria, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a murder conviction. The trial was before a jury. Punishment was assessed at 25 years imprisonment in the Texas Department of Corrections.

■ In his first ground of error, the defendant contends that the trial court erred in allegedly allowing the prosecutor to make a comment on defendant's failure to testify. The statements complained of are as follows:

"Now, Mr. Urias has made a big deal out of where is the gun. I submit to you, ladies and gentlemen, there is only one person who knows where that gun is.

MR. URIAS: Your Honor, I object to Mr. Dietze's testimony because it is full of misleading implications.

THE COURT: I am going to overrule your objection, counsel."

As is apparent, the prosecutor did not directly comment on the defendant's failure to testify. In *Wright v. State*, 582 S.W.2d 845, 847 (Tex.Cr.App.1979), the court held:

"A prosecutor may not comment upon a defendant's failure to testify .... However, such comment must be direct; an indirect allusion which might refer to the accused's failure to testify does not require reversal." *Id.*

The alleged comment in the case at bar is at most an indirect allusion not requiring reversal. The defendant's first ground of error is overruled.

■ In his second ground of error, the defendant asserts that the jury considered evidence which was not admitted during the trial. The evidence complained of was a local newspaper which contained an article discussing the defendant's trial. After the jury returned its verdict, the defense counsel moved for a judgment notwithstanding the verdict. The basis for the

motion was the newspaper, which was marked for identification purposes, but never formally admitted into evidence. There was no evidence showing where the newspaper was found or that any juror read it. The defendant did not file a motion for new trial, although he was informed of his right to do so.

To be entitled to a new trial because of the newspaper article, the defendant must show he was injured or prejudiced by the jury's alleged reading of the article. See *Barrington v. State*, 594 S.W.2d 88, 90 (Tex. Cr.App.1980). The defendant failed to make such a showing. The defendant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.