Jesse Velvin **LEWIS, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. A14–92–00178–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 1, 1993.

William Patterson, Houston, for appellant.

Carol Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The state charged the appellant by indictment with the felony offense of possession of a prohibited weapon. TEX.PENAL CODE ANN. § 46.06(a)(3) (Vernon Supp.1993). The appellant entered a plea of not guilty. A jury found him guilty as charged. The trial court assessed punishment, enhanced by two previous convictions, at forty years imprisonment.

The appellant raises fourteen points of error. Of these, points one, four, five, seven, eight, nine ten, eleven, twelve, thirteen and fourteen cite no authority. They present nothing for review. *Vuong v. State*, 830 S.W.2d 929, 940 (Tex.Crim.App. 1992). We will address the remaining three points of error.

Points two and six are closely related, and will be considered together. In point two, the appellant argues the trial court erred by refusing to allow questions on the weapon's capability of firing during voir dire. In his sixth point, he contends the trial court erred by denying his motion for instructed verdict, because the evidence showed the weapon was inoperable at the time of the arrest. The preliminary issue presented by both of these points is whether the state must prove capability of firing under TEX.PENAL CODE ANN. § 46.06(a)(3).

A person commits an offense under § 46.06(a)(3) if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells a short-barrel firearm. The term "short-barrel firearm" is defined as "[a] rifle with a barrel length of less than sixteen inches or a shotgun with a barrel length of less than eighteen inches, or any weapon made from a shotgun or rifle if, as altered, it has an overall length of less than twenty-six inches." TEX.PENAL CODE ANN. § 46.01(10) (Vernon 1989). Neither section mentions capability of firing.

The appellant relies on *Campbell v. State*, 633 S.W.2d 592 (Tex.App.—Amarillo 1982, pet.ref'd). That case held that in a prosecution for possession of a short-barrel firearm, the state does not have to prove capability of firing unless the issue is raised by the evidence. *Id.* at 594. The issue was not raised in that case. Accordingly, the court held it was not error to deny a jury instruction on capability of firing. *Id.*

The appellant argues that since the evidence showed the weapon he possessed was incapable of firing, the conviction cannot stand. We disagree. The *Campbell* decision relies upon the following cases: *Tolbert v. State*, 157 Tex.Cr.R. 101, 246 S.W.2d 896 (1952); *Johnson v. State*, 571 S.W.2d 170 (Tex.Crim.App.1978); and *Hawkins v. State*, 535 S.W.2d 359 (Tex.Crim. App.1976). The *Tolbert* and *Johnson* cases both involved the offense of unlawful possession of a handgun. See TEX.PENAL CODE ANN. § 46.02. Each of these cases states that the prosecution need not prove capability of firing unless the issue is raised by the evidence. *Tolbert*, 246 S.W.2d at 897; *Johnson* at 174. Neither of these cases involved possession of a short-barrel firearm.

The *Hawkins* decision did involve possession of a short-barrel firearm. The *Campbell* opinion cites *Hawkins* for the proposition that the state does not have to prove capability of firing unless raised by the evidence. *Campbell* at 594. However, the *Hawkins* opinion makes no such statement. In a different context, *Hawkins* states that the offense of possession of prohibited weapon *is complete* when the defendant is placed in possession of the weapon. *Hawkins* at 362. If anything, *Hawkins* supports the state's position. We decline to follow the *Campbell* decision.

We find the opinion of *Walker v. State*, 543 S.W.2d 634 (Tex.Crim.App.1976) to be persuasive. In that case, the court of criminal appeals held that an automatic pistol, recovered without a clip or firing pin, was a deadly weapon. *Id.* at 637. The court stated that even if the clip and firing pin were missing at the time of the offense, the pistol was still a firearm under TEX.PENAL CODE ANN. § 46.01(3). *Walker* at 637. Since the weapon was manifestly designed for the purpose of inflicting death or serious bodily injury, and this fact was evident to the victim, the evidence was sufficient to prove the defendant used a deadly weapon. *Id.* Although the *Walker* decision concerned TEX.PENAL CODE ANN. § 46.01(3), we believe the same reasoning applies in the instant case.

We also note that case law construing the federal counterpart to § 46.01(3) does not require the weapon to be capable of firing. See 18 U.S.C. 921(a)(3)(A) (1976); *United States v. Perez*, 897 F.2d 751, 754 (5th Cir.1990), *cert. denied*, 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990); *United States v. York*, 830 F.2d 885, 891 (8th Cir.1987), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988); *United States v. Harris*, 792 F.2d 866, 868 (9th Cir.1986). The wording of the federal statute is substantially the same as TEX.PENAL CODE ANN. § 46.01(3). Both statutes define firearms as any device designed to propel a projectile by the use of an explosion, or any device "readily" converted to that use. The plain language of the state and federal statutes does not require the weapon to be capable of firing. Similarly, nothing in TEX.PENAL CODE ANN. § 46.01(10) or § 46.06(a)(3) requires a short-barrel firearm to be capable of firing in order to sustain a conviction.

Furthermore, requiring the state to prove capability of firing substantially weakens § 46.06(a)(3). To impose this burden upon the state would enable criminals

to hold victims at gunpoint, with an inoperable weapon, and avoid prosecution for aggravated robbery. This would be true even if an operable weapon was altered after the offense. Taken to extremes, the state would have to prove that an operable weapon was loaded at the time of the offense. Merely discarding the ammunition after an offense could thwart a successful prosecution.

For these reasons, we hold that possession of the sawed-off shotgun was prohibited by Tex.Penal Code Ann. § 46.06(a)(3), even though the weapon was inoperable at the time of the arrest. Since capability of firing was not an issue, the trial court did not abuse its discretion by refusing to allow questions on the issue during voir dire. *Nunfio v. State*, 808 S.W.2d 482, 484 (Tex. Crim.App.1991). We overrule the second point of error.

■■■ Likewise, the fact that the weapon was inoperable did not entitle the appellant to an instructed verdict. A challenge to a denial of a motion for instructed verdict is reviewed by the same standard as a challenge to the sufficiency of the evidence. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991). Accordingly, we will overrule a challenge to the sufficiency of the evidence if, after considering the evidence in the light most favorable to the prosecution, we determine that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex. Crim.App.1984).

The evidence showed that a Houston Police Officer observed the appellant drinking a beer while driving. The officer stopped the appellant, and asked for his driver's license. When he could not produce it, the officer asked him to exit the car. After the appellant exited the car, the officer observed a "pistol grip" protruding from under the seat. He placed the appellant in the patrol car, and then retrieved the gun from under the seat. The state offered the weapon into evidence at trial. It is undisputed that the weapon is a shotgun with a barrel length of less than eighteen inches, and an overall length of less than twenty-six inches. After considering this evidence, a rational jury could have found the appellant guilty beyond a reasonable doubt. We overrule the sixth point of error.

■■■ The appellant raises a *Batson* challenge as his third point of error. Before the jury was sworn, the appellant's attorney objected to the state's use of four peremptory strikes to eliminate black jurors from the panel. He also stated the appellant was black. The state then offered its race-neutral reasons for striking the black jurors. The appellant only complains of the strike used to eliminate juror no. twenty-two on appeal.

The prosecutor stated that he struck juror no. twenty-two because she was uncommunicative to the questions he asked her during voir dire. The appellant argues that the prosecutor directed only one question to juror no. twenty-two. The record shows the prosecutor asked juror no. twenty-two if she owned a firearm. She answered "no, sir." The prosecutor asked numerous other questions to the entire venire, but not directly to juror no. twenty-two. The appellant relies on the fact that the state only directed one question specifically to the juror to show the prosecutor's explanation was a pretext.

This court has previously found striking a potential juror for being inattentive, and appearing to side with the defendant, to be a valid, race-neutral explanation. *Chambers v. State*, 724 S.W.2d 440, 442 (Tex. App.—Houston [14th Dist.] 1987, pet.ref'd). Other courts have reached similar results. *See York v. State*, 764 S.W.2d 328 (Tex. App.—Houston [1st Dist.] 1988, pet.ref'd) (unresponsive); *Hawkins v. State*, 793 S.W.2d 291 (Tex.App.—Dallas 1990, pet. ref'd) (physical gestures and sighing).

■■■ The trial court's ruling on a *Batson* motion will often turn on the weight it gives to the prosecutor's testimony. Determining whether a venire member was unresponsive or uncommunicative during voir dire may be difficult or impossible to determine from a statement of facts. Appellate

courts accord great deference to the trial judge who was present to assess the credibility of the prosecutor and his explanations. *Cantu v. State*, 842 S.W.2d 667, 689 (Tex.Crim.App.1992). In the present case, the trial court believed the prosecutor's race-neutral explanation for striking juror no. twenty-two. As a reviewing court, we will reverse the trial court's finding only if it is clearly erroneous. *Cantu v. State*, 842 S.W.2d at 689; *Whitsey v. State*, 796 S.W.2d 707, 726 (Tex.Crim.App.1989) (on rehearing). We find that the trial's courts ruling was not clearly erroneous.

We overrule the third point of error and affirm the conviction.