TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00317-CR







Kenneth Ray Scott, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0950504, HONORABLE LARRY FULLER, JUDGE PRESIDING








 Appellant entered a plea of guilty before the trial court to the offense of aggravated
robbery by using and exhibiting a deadly weapon. See Tex. Penal Code Ann. § 29.03 (West
1994). Punishment was assessed at confinement for ninety-nine years. In two points of error,
appellant contends that: (1) the trial court erred in accepting his plea of guilty because a factual
issue was raised; and (2) his plea was not knowing and voluntary because it was based on
appellant's mistaken belief of the law. We will overrule appellant's points of error and affirm the
judgment of the trial court.

 In his first point of error, appellant contends that the trial court should not have
accepted his plea of guilty in light of his testimony that the gun didn't work. Appellant urges that
this testimony raised the issue of whether the gun was a deadly weapon as alleged in the
indictment and the trial court should have withdrawn his plea of guilty. A person commits
aggravated robbery if he commits robbery and "uses or exhibits a deadly weapon." See Tex.
Penal Code Ann. § 29.03(a)(2) (West 1994). As pertinent to the instant cause, "deadly weapon"
means "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury." See Tex. Penal Code Ann. § 1.07(a)(17)(A) (West 1994).

 In the instant cause, appellant entered a plea of guilty, took the stand, and testified
in response to a question by the prosecutor that everything in the indictment was true and correct. 
Under redirect examination concerning his motive for the robbery, appellant stated: "I was just
high on crack and just needed some money to get some more. . . . I know that that's not an
excuse that the gun I exhibited to him didn't work, but it was the fear." At the hearing on the
motion to proceed to adjudication, appellant testified: "I'm not trying to justify it, but the gun
didn't even work and I didn't know -- I mean, at the time I wasn't thinking about, you know, that
I was traumatizing that man's life. All I was thinking about was just getting high." Austin Police
Officer Tracy Everson testified that he found a loaded .32 Smith & Wesson revolver at the spot
where a fellow officer tackled the fleeing appellant following the offense.

 The thrust of appellant's position is that his testimony shows that the gun in
question was not a working firearm, appellant knew it, and consequently, it was not a deadly
weapon. Appellant reasons that his testimony shows that he was in essence guilty of robbery or,
in the alternative, that his testimony raises an issue of his innocence, and the trial court should
have withdrawn his guilty plea and entered a plea of not guilty.

 Walker v. State, 543 S.W.2d 634 (Tex. Crim. App. 1976), held that a forty-five
automatic pistol, even though missing a firing pin and without a clip when found (following the
robbery), was "manifestly designed and made for the purpose of inflicting death or serious bodily
injury and that this fact was evident to the senses and understanding of the victim." Id. at 637
(emphasis in original). In Mosley v. State, 545 S.W.2d 144 (Tex. Crim. App. 1976), cited by
appellant, the defendant used a B.B. gun which was only capable of expelling a projectile about
five feet and which did not possess enough power to cause the projectile to penetrate the skin. 
An expert witness for the State testified that the air pistol was not a firearm. The court concluded
that it would be unreasonable to conclude that the weapon was "designed, made or adopted for
the purpose of inflicting death or serious bodily injury." Id. at 146.

 Flores v. State, 716 S.W.2d 505 (Tex. Crim. App. 1986), relied on by appellant,
concerned a conviction for carrying a switchblade knife. A switchblade knife is a knife that has
a blade that opens either by pressure applied to a device on the handle, by the force of gravity or
by the application of centrifugal force. See Tex. Penal Code Ann. § 46.01(11) (West 1994). The
Flores court held that a modified device on the defective knife that enabled the blade to open
automatically came within the definition of a switchblade knife contained in the statute prohibiting
the carrying of such weapon. Id. at 507. Unlike a switchblade knife, a firearm is per se a deadly
weapon. See Giles v. State, 617 S.W.2d 690, 691 (Tex. Crim. App. 1981).

 Lewis v. State, 852 S.W.2d 667 (Tex. App.--Houston [14th Dist.] 1993, no pet.),
held that the capability of firing the prohibited firearm was not an issue. Id. at 670. The court
reasoned that requiring the prosecution to prove capability of firing imposes a burden upon the
State that "would enable criminals to hold victims at gunpoint, with an inoperable weapon, and
avoid prosecution for aggravated robbery." Id. at 669-70. The court held that since capability
of firing was not an issue, the trial court did not abuse its discretion by refusing to allow the
defendant to ask questions on this issue during voir dire. Id. at 670.

 In the instant cause, it appears that there is no issue about the gun in question being
a firearm; the only question is whether appellant's testimony that the gun was inoperable raised
a factual issue. We hold that it did not. Appellant's first point of error is overruled.

 In his second point of error, appellant asserts that his plea of guilty was not
knowing and voluntary since his plea was based on the belief that he was guilty of aggravated
robbery whether he used or exhibited a non-functioning gun. Our disposition of appellant's first
point of error is dispositive of this issue. Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Aboussie and Davis*

Affirmed

Filed: June 12, 1996

Do Not Publish






* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).



that the gun in
question was not a working firearm, appellant knew it, and consequently, it was not a deadly
weapon. Appellant reasons that his testimony shows that he was in essence guilty of robbery or,
in the alternative, that his testimony raises an issue of his innocence, and the trial court should
have withdrawn his guilty plea and entered a plea of not guilty.

 Walker v. State, 543 S.W.2d 634 (Tex. Crim. App. 1976), held that a forty-five
automatic pistol, even though missing a firing pin and without a clip when found (following the
robbery), was "manifestly designed and made for the purpose of inflicting death or serious bodily
injury and that this fact was evident to the senses and understanding of the victim." Id. at 637
(emphasis in original). In Mosley