02-10-149-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00149-CR

 

 


 
 
 Jimmy Price
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 235th
District Court OF Cooke COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

In
two points, Appellant Jimmy Price appeals his conviction for unlawful
possession of a firearm by a felon, asserting that the State did not present
sufficient evidence to support a guilty verdict and that the trial court erred by
overruling Price’s objection to the introduction into evidence of documents to
prove a prior felony offense as an element of the offense.  We will affirm.

II.  Factual and Procedural Background

Price
was indicted for unlawful possession of a firearm by a felon after a routine traffic
stop on February 17, 2009.  Texas DPS Trooper Darren McKaye testified that
while on patrol that morning, he saw a black Dodge truck traveling in excess of
the speed limit in Oakridge, east of Gainesville.  Upon making a traffic stop
of the truck, Trooper McKaye approached the vehicle and saw a rifle on the
floorboard of the truck.  He asked the driver, Price, if he had a firearm in
the vehicle, and Price responded that he did.  Trooper McKaye ran routine checks
on Price’s driver’s license and learned that he was a felon.  Trooper McKaye
testified that the gun in Price’s truck, a Winchester .30-30 rifle, was fully
loaded and within Price’s reach on the passenger side floorboard.  Trooper McKaye
arrested Price, and a subsequent inventory of Price’s truck revealed nineteen
rounds of ammunition in the center console.

Texas
DPS Trooper Barrett Brown was a training officer working with Trooper McKaye
when Price was arrested.  Trooper Brown testified about the arrest and identified
in court the rifle that he removed from Price’s truck; the trooper explained
that the rifle was loaded and appeared to be fully operational when he seized
it from Price’s truck but that it had been disabled in order to bring it into
the courtroom.

The
jury convicted Price of unlawful possession of a firearm by a felon and
assessed his punishment at eighteen years’ confinement.  The trial court
sentenced him accordingly.

III.
Sufficiency of the Evidence

          In
his first point, Price argues that the evidence is insufficient to support the
jury’s verdict of unlawful possession of a firearm by a felon.  See Tex.
Penal Code Ann. § 46.01 (Vernon Supp. 2010).  Specifically, he argues that the
State was required but failed to prove that Price possessed “a working
firearm.”

A.
Standard of Review

The
court of criminal appeals has held that there is no meaningful distinction
between the legal sufficiency standard and the factual sufficiency standard.  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling Clewis
v. State, 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996)).  Thus, the Jackson
standard, which is explained below, is the “only standard that a reviewing
court should apply in determining whether the evidence is sufficient to support
each element of a criminal offense that the State is required to prove beyond a
reasonable doubt.”  Id.

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact
is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing an evidentiary sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9,
16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved any
conflicting inferences in favor of the prosecution and defer to that
resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778.

B. Law on Unlawful Possession of a Firearm by a Felon

A
person who has been convicted of a felony commits the offense of unlawful possession
of a firearm by a felon if he possesses a firearm at any location other than
where he lives.  Tex. Penal Code Ann. § 46.04(a)(2) (Vernon Supp. 2010).  A
firearm is defined as “any device designed, made, or adapted to expel a
projectile”; the statutory definition does not require the firearm to have the
capacity to do so.  Id. § 46.01(3); Thomas v. State, 36 S.W.3d
709, 711 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d) (“Even if the clip
and firing pin are missing at the time of the offense, a pistol is still a firearm
under Section 46.01(3).”).  The State need not prove that a firearm was in any
particular condition to prove that it is a firearm.  See Wright v. State,
582 S.W.2d 845, 847 (Tex. Crim. App. [Panel Op.] 1979) (“Neither the statute
nor the definition of deadly weapon in Section 1.07(11) of the Penal Code
suggests that a firearm must be operable.”); see also Lewis v. State,
852 S.W.2d 667, 669 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (holding that
State was not required to prove that firearm was capable of firing in
prosecution for unlawful possession of a short-barrel firearm) (citing Tolbert
v. State, 246 S.W.2d 896, 897 (Tex. Crim. App. 1952), and Johnson v.
State, 571 S.W.2d 170, 174 (Tex. Crim. App. 1978)).

C.
Sufficient Evidence of a Firearm

Here,
evidence at trial showed that the firearm found in Price’s truck was a fully-loaded
Winchester .30-30 rifle and that Price admitted to Trooper McKaye that he had a
firearm in his truck.  Contrary to Price’s assertion on appeal, the State did
not need to prove that the rifle was operational.  See Tex. Penal Code
Ann. § 46.01(3); Wright, 582 S.W.2d at 847; Lewis, 852 S.W.2d at
669.  Viewing the evidence in the light most favorable to the verdict, we
hold that a rational trier of fact could have found beyond a reasonable doubt
that Price was in possession of a firearm.  Consequently, we hold that the
evidence is sufficient to support Price’s conviction, and we overrule Price’s
first point.  See Jackson, 443 U.S.at 319, 99 S. Ct. at 2789; Clayton,
235 S.W.3d at 778.

IV.  Evidence of Prior Felony Conviction

In
his second point, Price argues that the trial court erred by overruling his
objection to the admission of a certified pen packet as evidence of his prior
felony conviction.  He argues that the State did not specify the hearsay
exception applicable to the pen packet and that it did not establish the
predicate facts for admission, either by testimony from the custodian of the
record or other qualified witness or by affidavit.

An
appellate court reviews a trial court’s decision to admit evidence over
objection under an abuse of discretion standard and will not reverse that
decision absent a clear abuse of discretion.  McCarty v. State, 257
S.W.3d 238, 239 (Tex. Crim. App. 2008); Moses v. State, 105 S.W.3d 622,
627 (Tex. Crim. App. 2003).

To
establish that the defendant has been convicted of a prior offense, the State
must (1) prove the existence of the conviction and (2) link the conviction to
the defendant.  Flowers v. State, 220 S.W.3d 919, 921–22 (Tex. Crim.
App. 2007); Davis v. State, 268 S.W.3d 683, 715 (Tex. App.—Fort Worth
2008, pet. ref’d).  No specific document or mode of proof is required to prove
these two elements.  Flowers, 220 S.W.3d at 921; Paschall v. State,
285 S.W.3d 166, 174 (Tex. App.—Fort Worth 2009, pet. ref’d).  The
State may establish a defendant’s previous conviction through certified copies
of the judgment and sentence.  Beck v. State, 719 S.W.2d 205, 209 (Tex.
Crim. App. 1986).

A
document may be properly authenticated under either rule of evidence 901 or
902, and it need not be authenticated under both.  Reed v. State, 811
S.W.2d 582, 586 (Tex. Crim. App. 1991).  Rule of evidence 902 provides for
self-authentication of domestic public documents under seal.  Tex. R. Evid.
902(1).  Extrinsic evidence of authenticity as a condition precedent to
admissibility is not required with respect to these documents.  Tex. R. Evid.
902.  Instead, “[a] document bearing a seal purporting to be that of . .
. any State, . . . or of a . . . department, officer, or agency thereof, and a
signature purporting to be an attestation or execution” is self-authenticating.
 Tex. R. Evid. 902(1).

Here,
over Price’s objection, the trial court introduced into evidence as State’s
Exhibit 2 a pen packet relating to Price’s prior felony conviction for
aggravated assault on a peace officer, with an extraneous conviction redacted.  State’s
Exhibit 2 contains photos of Price, identifying him by his name and TDCJ ID
number; a copy of the judgment and sentence for his September 20, 1995 felony
conviction for aggravated assault on a peace officer; and a fingerprint card
reflecting that he was arrested on July 28, 1994 for that offense and including
his TDCJ ID number, his date of birth, his height and weight, and a notation
that he has an “ampt lft leg below knee.”  The name on the fingerprint card is
misspelled as “Mimmy Dewayne Price,” but it includes the inmate’s signature
“Jimmy.”

State’s
Exhibit 2 also contains an affidavit of the custodian of records, certifying
that the records are correct copies of original records and bearing her
signature and the seal of the State of Texas.  Thus, as the trial court noted
in overruling Price’s objection, State’s Exhibit 2 was self-authenticating
under the rules of evidence.  See Tex. R. Evid. 902(1), 902(4) (providing
that copies of official records may be self-authenticated via certification as
to their accuracy by the custodian or other authorized person); Hull v.
State, 172 S.W.3d 186, 190 (Tex. App.—Dallas 2005, pet. ref’d) (holding
document properly self-authenticated under rule of evidence 902(1) because it
contained seal of county court and signature of court clerk); Barker v.
State, 931 S.W.2d 344, 348 (Tex. App.—Fort Worth 1996, pet. ref’d) (same).

Additionally,
to the extent that Price’s complaint at trial and on appeal is that the pen
packet constituted inadmissible hearsay, we hold that the trial court did not
abuse its discretion by admitting State’s Exhibit 2 over Price’s hearsay
objection.  Hearsay is a statement, other than the one made by the declarant
while testifying at a trial or hearing, offered into evidence to prove the
truth of the matter asserted.  Tex. R. Evid. 801(d).  In order for hearsay to
be admissible, it must fit into an exception provided by a statute or the rules
of evidence.  Tex. R. Evid. 802; Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003).  Rule of evidence 803(8) creates an exception to the
hearsay rule for public records and reports unless the records indicate a lack
of trustworthiness.  Tex. R. Evid. 803(8).  Likewise, rule 803(22) creates an
exception for judgments of previous convictions.  Tex. R. Evid. 803(22).

State’s
Exhibit 2 falls squarely within these exceptions, and nothing in the record
indicates that the documents lacked trustworthiness.  See Tex. R. Evid.
803(8), (22).  Furthermore, because the trial court admitted the pen packet
without requesting that the State provide a basis for its admissibility, the
State was not required to voice an exception to the hearsay rule.  See, e.g.,
Ortega v. State, 126 S.W.3d 618, 620 (Tex. App.—Houston [14th Dist.]
2004, pet. ref’d) (holding that proponent of hearsay evidence is not required
to voice exception to hearsay rule when trial court immediately rules in proponent’s
favor).

We
hold that the trial court did not abuse its discretion by overruling Price’s
objection to the documents introduced to prove his prior felony conviction.  See
McCarty, 257 S.W.3d at 239; Moses, 105 S.W.3d at 627.  We overrule
Price’s second point.

V. Conclusion

Having
overruled Price’s two points, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 17, 2011









[1]See Tex. R. App. P. 47.4.