

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00149-CR

JIMMY PRICE                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

## FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In two points, Appellant Jimmy Price appeals his conviction for unlawful possession of a firearm by a felon, asserting that the State did not present sufficient evidence to support a guilty verdict and that the trial court erred by

---

[1]*See* Tex. R. App. P. 47.4.

overruling Price's objection to the introduction into evidence of documents to prove a prior felony offense as an element of the offense. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Price was indicted for unlawful possession of a firearm by a felon after a routine traffic stop on February 17, 2009. Texas DPS Trooper Darren McKaye testified that while on patrol that morning, he saw a black Dodge truck traveling in excess of the speed limit in Oakridge, east of Gainesville. Upon making a traffic stop of the truck, Trooper McKaye approached the vehicle and saw a rifle on the floorboard of the truck. He asked the driver, Price, if he had a firearm in the vehicle, and Price responded that he did. Trooper McKaye ran routine checks on Price's driver's license and learned that he was a felon. Trooper McKaye testified that the gun in Price's truck, a Winchester .30-30 rifle, was fully loaded and within Price's reach on the passenger side floorboard. Trooper McKaye arrested Price, and a subsequent inventory of Price's truck revealed nineteen rounds of ammunition in the center console.

Texas DPS Trooper Barrett Brown was a training officer working with Trooper McKaye when Price was arrested. Trooper Brown testified about the arrest and identified in court the rifle that he removed from Price's truck; the trooper explained that the rifle was loaded and appeared to be fully operational when he seized it from Price's truck but that it had been disabled in order to bring it into the courtroom.

The jury convicted Price of unlawful possession of a firearm by a felon and

2

assessed his punishment at eighteen years' confinement. The trial court sentenced him accordingly.

### III. SUFFICIENCY OF THE EVIDENCE

In his first point, Price argues that the evidence is insufficient to support the jury's verdict of unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.01 (Vernon Supp. 2010). Specifically, he argues that the State was required but failed to prove that Price possessed "a working firearm."

### A. Standard of Review

The court of criminal appeals has held that there is no meaningful distinction between the legal sufficiency standard and the factual sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996)). Thus, the *Jackson* standard, which is explained below, is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id.*

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

### B. Law on Unlawful Possession of a Firearm by a Felon

A person who has been convicted of a felony commits the offense of unlawful possession of a firearm by a felon if he possesses a firearm at any location other than where he lives. Tex. Penal Code Ann. § 46.04(a)(2) (Vernon Supp. 2010). A firearm is defined as "any device designed, made, or adapted to expel a projectile"; the statutory definition does not require the firearm to have the

4

capacity to do so. *Id.* § 46.01(3); *Thomas v. State*, 36 S.W.3d 709, 711 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) ("Even if the clip and firing pin are missing at the time of the offense, a pistol is still a firearm under Section 46.01(3)."). The State need not prove that a firearm was in any particular condition to prove that it is a firearm. *See Wright v. State*, 582 S.W.2d 845, 847 (Tex. Crim. App. [Panel Op.] 1979) ("Neither the statute nor the definition of deadly weapon in Section 1.07(11) of the Penal Code suggests that a firearm must be operable."); *see also Lewis v. State*, 852 S.W.2d 667, 669 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (holding that State was not required to prove that firearm was capable of firing in prosecution for unlawful possession of a short-barrel firearm) (citing *Tolbert v. State*, 246 S.W.2d 896, 897 (Tex. Crim. App. 1952), and *Johnson v. State*, 571 S.W.2d 170, 174 (Tex. Crim. App. 1978)).

## C. Sufficient Evidence of a Firearm

Here, evidence at trial showed that the firearm found in Price's truck was a fully-loaded Winchester .30-30 rifle and that Price admitted to Trooper McKaye that he had a firearm in his truck. Contrary to Price's assertion on appeal, the State did not need to prove that the rifle was operational. *See* Tex. Penal Code Ann. § 46.01(3); *Wright*, 582 S.W.2d at 847; *Lewis*, 852 S.W.2d at 669. Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Price was in possession of a firearm. Consequently, we hold that the evidence is sufficient to support Price's conviction, and we overrule Price's first point. *See Jackson*, 443 U.S.at

319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

## IV. EVIDENCE OF PRIOR FELONY CONVICTION

In his second point, Price argues that the trial court erred by overruling his objection to the admission of a certified pen packet as evidence of his prior felony conviction.  He argues that the State did not specify the hearsay exception applicable to the pen packet and that it did not establish the predicate facts for admission, either by testimony from the custodian of the record or other qualified witness or by affidavit.

An appellate court reviews a trial court's decision to admit evidence over objection under an abuse of discretion standard and will not reverse that decision absent a clear abuse of discretion.  *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

To establish that the defendant has been convicted of a prior offense, the State must (1) prove the existence of the conviction and (2) link the conviction to the defendant.  *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007); *Davis v. State*, 268 S.W.3d 683, 715 (Tex. App.—Fort Worth 2008, pet. ref'd).  No specific document or mode of proof is required to prove these two elements.  *Flowers*, 220 S.W.3d at 921; *Paschall v. State*, 285 S.W.3d 166, 174 (Tex. App.—Fort Worth 2009, pet. ref'd).  The State may establish a defendant's previous conviction through certified copies of the judgment and sentence.  *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986).

6

A document may be properly authenticated under either rule of evidence 901 or 902, and it need not be authenticated under both. *Reed v. State*, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991). Rule of evidence 902 provides for self-authentication of domestic public documents under seal. Tex. R. Evid. 902(1). Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to these documents. Tex. R. Evid. 902. Instead, "[a] document bearing a seal purporting to be that of . . . any State, . . . or of a . . . department, officer, or agency thereof, and a signature purporting to be an attestation or execution" is self-authenticating. Tex. R. Evid. 902(1).

Here, over Price's objection, the trial court introduced into evidence as State's Exhibit 2 a pen packet relating to Price's prior felony conviction for aggravated assault on a peace officer, with an extraneous conviction redacted. State's Exhibit 2 contains photos of Price, identifying him by his name and TDCJ ID number; a copy of the judgment and sentence for his September 20, 1995 felony conviction for aggravated assault on a peace officer; and a fingerprint card reflecting that he was arrested on July 28, 1994 for that offense and including his TDCJ ID number, his date of birth, his height and weight, and a notation that he has an "ampt lft leg below knee." The name on the fingerprint card is misspelled as "Mimmy Dewayne Price," but it includes the inmate's signature "Jimmy."

State's Exhibit 2 also contains an affidavit of the custodian of records, certifying that the records are correct copies of original records and bearing her signature and the seal of the State of Texas. Thus, as the trial court noted in

7

overruling Price's objection, State's Exhibit 2 was self-authenticating under the rules of evidence. *See* Tex. R. Evid. 902(1), 902(4) (providing that copies of official records may be self-authenticated via certification as to their accuracy by the custodian or other authorized person); *Hull v. State*, 172 S.W.3d 186, 190 (Tex. App.—Dallas 2005, pet. ref'd) (holding document properly self-authenticated under rule of evidence 902(1) because it contained seal of county court and signature of court clerk); *Barker v. State*, 931 S.W.2d 344, 348 (Tex. App.—Fort Worth 1996, pet. ref'd) (same).

Additionally, to the extent that Price's complaint at trial and on appeal is that the pen packet constituted inadmissible hearsay, we hold that the trial court did not abuse its discretion by admitting State's Exhibit 2 over Price's hearsay objection. Hearsay is a statement, other than the one made by the declarant while testifying at a trial or hearing, offered into evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). In order for hearsay to be admissible, it must fit into an exception provided by a statute or the rules of evidence. Tex. R. Evid. 802; *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). Rule of evidence 803(8) creates an exception to the hearsay rule for public records and reports unless the records indicate a lack of trustworthiness. Tex. R. Evid. 803(8). Likewise, rule 803(22) creates an exception for judgments of previous convictions. Tex. R. Evid. 803(22).

State's Exhibit 2 falls squarely within these exceptions, and nothing in the record indicates that the documents lacked trustworthiness. *See* Tex. R. Evid.

803(8), (22). Furthermore, because the trial court admitted the pen packet without requesting that the State provide a basis for its admissibility, the State was not required to voice an exception to the hearsay rule. *See, e.g.*, *Ortega v. State*, 126 S.W.3d 618, 620 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (holding that proponent of hearsay evidence is not required to voice exception to hearsay rule when trial court immediately rules in proponent's favor).

We hold that the trial court did not abuse its discretion by overruling Price's objection to the documents introduced to prove his prior felony conviction. *See McCarty*, 257 S.W.3d at 239; *Moses*, 105 S.W.3d at 627. We overrule Price's second point.

### V. CONCLUSION

Having overruled Price's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 17, 2011

9