# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00320-CR

**Dennis Mitchell Alford, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2011-284, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Dennis Mitchell Alford of unlawful possession of a firearm. *See* Tex. Penal Code § 46.04. Punishment, enhanced by five prior felony convictions, was assessed at 40 years' imprisonment. *See id.* §§ 12.32 (punishment for first-degree felony includes life in prison or any term of not more than 99 years or less than 5 years plus up to $10,000 fine), .42(d) (establishing enhanced punishment range for felony offense if defendant was convicted of two prior felony offenses and second felony offense occurred after conviction of first felony offense became final).

Alford's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967);

*Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Alford received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766.

Alford subsequently filed a pro se brief, contending that (1) the trial court abused its discretion by denying him the opportunity to pursue a "necessity" defense, (2) trial counsel failed to investigate, present evidence, and request jury findings that the firearm did not belong to the defendant, and (3) trial counsel provided ineffective assistance by not pursuing these two defenses and by pursuing a defense that lacked merit (that the gun did not constitute a "firearm" under the penal code because it lacked a firing pin and was inoperable). We will briefly explain why Alford's contentions lack arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

One of the essential elements of a "necessity" defense is that "the actor reasonably believes the conduct is immediately necessary to avoid imminent harm." Tex. Penal Code § 9.22. At trial, Alford testified outside the jury's presence that he needed the gun to protect himself in the event he encountered an individual who had physically assaulted him and broken his jaw five days prior. During his testimony, he admitted that he possessed the gun. He testified similarly before the court in the non-jury punishment phase. Alford's testimony negates the imminency requirement of the necessity defense and also establishes that he had possession of the gun on the date of the offense. Ownership of a firearm is not required in order to commit the offense of unlawful possession of a firearm. *See* Tex. Penal Code §§ 1.07(39) ("'Possession' means actual care, custody, control, or management."); 46.04 (defining elements of unlawful possession of firearm). There is

no merit to the claim that the trial court abused its discretion in declining to allow evidence of necessity or that trial counsel rendered ineffective assistance by failing to pursue these meritless defenses. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 1994) (observing that challenged conduct will constitute ineffective assistance only when counsel's conduct "is so outrageous that no competent attorney would have engaged in it").

Although trial counsel's argument to the jury that the gun did not constitute a firearm because it was inoperable is foreclosed by precedent, *see, e.g.*, *Walker v. State*, 543 S.W.2d 634, 637 (Tex. Crim. App. 1976); *Lewis v. State*, 852 S.W.2d 667, 669-70 (Tex. App.—Houston [14th Dist.] 1993, no pet.), we fail to see how Alford could have been prejudiced by trial counsel's strategy. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to establish ineffective assistance, defendant must show both deficient performance and prejudice resulting from such deficiency). To the extent Alford contends that there may have been other evidence bearing on these defenses that trial counsel failed to investigate and present, an assertion of ineffective assistance will be sustained only if the record affirmatively supports such a claim. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In addition to being contrary to his own statements, the evidence Alford cites in his brief concerning alternate theories for the gun's presence in his proximity at the time he was arrested is not a part of the record on appeal.

Having reviewed the record and the briefs from Alford and his counsel, we find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at

3

826-27.  We agree with appellate counsel that the record presents no arguably meritorious grounds for review and that the appeal is frivolous.  Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   July 12, 2013

Do Not Publish